IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,073-02






EX PARTE WALLACE ABREGO SCHODTS, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 3409 IN THE 394TH DISTRICT COURT


FROM BREWSTER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of less
than one gram of cocaine and sentenced to three years' imprisonment. He did not appeal his
conviction.

 Applicant contends that his community supervision in this cause was revoked in 2002 and
that he served out that sentence before he was revoked again in 2005, thereby violating Double
Jeopardy protections. The State responds that Applicant's community supervision was revoked in
2002 only in another cause, not this one. However, the trial court has entered no findings of fact,
and the documentation in this record neither supports nor refutes either Applicant's or the State's
allegations. Additionally, the documentation herein raises additional substantive issues regarding
Applicant's conviction.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall order
the district clerk to supplement the record with the following documentation: copies of the trial
docket sheet in cause no. 3409; the complete judgment placing Applicant on community supervision;
any order extending the term of Applicant's community supervision; any motion to revoke
Applicant's community supervision in this cause; any pleading seeking to enhance Applicant's
sentence in this cause; and any amendment to the indictment to allege that Applicant possessed more
than one gram of cocaine. The trial court may also supplement the record with the reporter's record
of Applicant's 2001 revocation proceedings if such has previously been transcribed, and may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to further address Applicant's
allegations if the court believes such proceedings are necessary.

 The trial court shall make findings of fact as to: whether Applicant's community supervision
in this cause was revoked in 2001; whether the motion to revoke community supervision supporting
the 2005 revocation was filed before the term of community supervision expired; whether
punishment was enhanced with any prior convictions; and whether the indictment was amended to
allege that Applicant possessed more than one gram of cocaine. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing any
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with supplemented record and the trial court's findings of fact and conclusions of
law, shall be returned to this Court within 120 days of the date of this order. Any extensions of time
shall be obtained from this Court. 



Filed: October 18, 2006

Do not publish